PER CURIAM.
Pursuant to enabling legislation, a three-year pilot program was established in the Ninth Judicial Circuit providing for attorneys ad litem for dependent children. See § 39.4086, Fla. Stat. (2000). The statutory enactment provides that “it is the intent of the Legislature that children who are maintained in out-of-home care by court order under s. 39.402 [‘Placement in a Shelter’] receive competent legal representation.” § 39.4086(1). As especially pertinent here, the Legislature specifically requested that this Court “adopt rules of juvenile procedure which include the duties, responsibilities, and conduct of an attorney ad litem.” § 39.4086(3).
In accordance with this request, the Juvenile Court Rules Committee (“the committee”) submitted to this Court proposed amendments to the Rules of Juvenile Procedure, recommending an entirely new rule 8.217 and recommending changes to existing rules 8.305, 8.400, and 8.505.[1] This Court published the proposed amendments for comment in the October 1, 2000, edition of The Florida Bar News, but no comments were filed in response.
We have reviewed the committee’s proposed amendments and adopt them without comment as submitted and set forth in the appendix to this opinion. New language is indicated by underscoring, deletions by strike-through type. The amendments shall become effective upon the release of this opinion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 8.217. ATTORNEY AD LITEM
(a) Request. At any stage of the proceedings, any party may request or the court may consider whether an attorney ad litem is necessary to represent any child alleged to be dependent, if one has not already been appointed-
lb) Appointment. The court may appoint an attorney ad litem to represent the child in any proceeding as allowed by law.
(c) Duties and Responsibilities. The attorney ad litem shall be an attorney who has completed any additional requirements as provided by law. The attorney ad litem shall have the responsibilities provided by law.
(d) Service. An attorney ad litem shall be entitled to receive service of pleadings and papers as provided by rule 8.225.
RULE 8.305. SHELTER PETITION, HEARING, AND ORDER
[No changes to subdivision (a)]
(b) Shelter Hearing.
(1) The parents or legal custodians of the child shall be given actual notice of the date, time, and location of the shelter hearing. If the parents are outside the jurisdiction of the court, are not known, cannot be *469 located, or refuse or evade service, they shall be given such notice as best ensures their actual knowledge of the date, time, and location of the shelter hearing. If the parents or legal custodians are not present at the hearing, the person providing, or attempting to provide, notice to the parents or legal custodians shall advise the court in person or by sworn affidavit of the attempts made to provide notice and the results of those attempts.
(2) The court shall conduct an informal hearing on the petition within the time limits as provided by law. The court shall determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met. The shelter hearing may be continued for up to 72 hours with the child remaining in shelter care if:
(A) the parents or legal custodians appear for the shelter hearing without legal counsel and request a continuance in order to consult with legal counsel; or
(B) the court determines that additional time is necessary to obtain and review documents pertaining to the family in order to appropriately determine the risk to the child.
(8) The issue of probable cause shall be determined in a nonadversary manner, applying the standard of proof necessary for an arrest warrant.
(4) At the hearing all interested persons present shall have an opportunity to be heard and present evidence on the criteria for placement as provided by law.
(5) The court may base its determination on sworn complaint, testimony, or affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(6) The court shall advise the parent or legal custodian of:
(A) the right to be represented by counsel as provided by law;
(B) the reason for the child being in custody and why continued placement is requested;
(C) the right to present placement alternatives; and
(D) the time, date, and location of the next hearing and of the importance of the parents’ or legal custodians’ active participation in subsequent proceedings and hearings.
(7) The court shall appoint:
(A) a guardian ad litem to represent the child unless the court finds such representation is unnecessary; and
(B) an attorney ad litem to represent the child if the court finds the appointment necessary and authorized by law; and
(BC) an attorney for indigent parents unless waived by the parent.
(8) The court shall determine visitation rights absent a clear and convincing showing that visitation is not in the best interest of the child.
(9) If the shelter hearing is conducted by a judge other than the juvenile court' judge, the juvenile court judge shall hold a shelter review on the status of the child within 2 working days after the shelter hearing.
[No changes to subdivisions (c) and (d)] RULE 8.400. CASE PLANS
(a) Department Responsibility. At least 72 hours prior to the disposition hearing, but no later than 60 days after removal of a child from the home, the department or its agent must file with the *470 court all case plans prepared before jurisdiction of the court attached and do one of the following:
(1) File with the court a current case plan which was prepared in conference with the parents, any court appointed guardian ad litem, and the attorney ad li-tem, and, if appropriate, the child, and signed by the parties involved.
(2) File with the court a case plan prepared without the participation of the parents, if the parents are unable or unwilling to participate in the preparation of a case plan. The plan or supporting documents shall contain a full explanation of the circumstances preventing the parents from participating and the efforts made by the department to secure parental participation.
(3) Submit a motion requesting an extension of the time for filing the case plan for a period of not more than 30 days; however, this shall not preclude a party or any other agency or person participating in the preparation of the case plan from filing the motion.
(A) A copy of the motion and notice of hearing shall be served on the parties and participants involved in the preparation of the case plan.
(B) The court shall hear all parties present, in person, by counsel, or both. -The department at all times, however, shall be represented by an attorney. Only one 30 day extension may be granted upon a showing of good cause. In the order granting the continuance, the court shall set a hearing for review and acceptance of the case plan.
[No changes to subdivisions (b) and (c)] RULE 8.505. PROCESS AND SERVICE
(a) Personal Service. Upon the filing of a petition requesting the termination of parental rights a copy of the petition and notice of the date, time, and place of the advisory hearing must be personally served on
(1) the parents;
(2) the legal custodians or caregivers of the child;
(3) if the natural parents are dead or unknown, a living relative of the child, unless upon diligent search and inquiry no relative can be found;
(4) any person who has physical custody of the child;
(5) any grandparents entitled by law to priority for adoption;
(6) any prospective parent identified by law;
(7) the guardian ad litem for the child or the representative of the guardian ad litem program, if the program has been appointed; and
(8) the attorney ad litem for the child if one has been appointed; and
(8 9) any other person as provided by law.
[No changes to subdivisions (b), (c), and (d)]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.